

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# Cetera v. CSX Trans Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cetera v. CSX Trans Inc" (2006). *2006 Decisions.* Paper 628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3601

MICHAEL CETERA,
Appellant

v.

CSX TRANSPORTATION, INC.

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-CV-701
Magistrate Judge Francis X. Caiazza

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2006

Before: SMITH, ALDISERT, and ROTH, *Circuit Judges*

(Filed: August 2, 2006)

OPINION

SMITH, *Circuit Judge*.

Michael Cetera filed a complaint in the United States District Court for the

Western District of Pennsylvania on May 16, 2003, alleging that CSX Transportation

violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a).

Cetera alleged that CSX violated the ADA when it advised him during a railroad training

program for freight conductors that Cetera would not be able to pass a medical

examination. The parties consented to trial before the Magistrate Judge. Prior to trial, CSX moved for summary judgment, arguing, *inter alia*, that Cetera failed to establish that CSX regarded him as disabled with regard to the major life activity of working. The Magistrate Judge agreed, noting that the evidence demonstrated only that CSX regarded Cetera as precluded from the job of railroad conductor. Cetera filed a timely notice of appeal.[1]

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). In *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), the Supreme Court declared that "[w]hen the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Id.* at 491. Thus, "[t]o be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Id.* at 492.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have final order jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment using the same standard as the District Court. *Williams v. Philadelphia Housing Auth. Police Dep't*, 380 F.3d 751, 758 (3d Cir. 2004). Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The issue in this appeal is whether the Magistrate Judge erred in determining that Cetera demonstrated that the limitations imposed by his heart condition as perceived by CSX limited him with respect to only the discrete position of freight conductor, instead of substantially limiting him with regard to the major life activity of working. Cetera argues that the evidence shows that CSX regarded him as unable to be a freight conductor because he would not be able to pass the medical examination or complete the required physically demanding yard training program. It follows, according to Cetera, that CSX also regarded him as unable to perform the physical demands of other moderate or heavy labor positions. As a result, Cetera submits that he demonstrated an inability to work in a broad range of jobs.

Cetera's argument is not persuasive. It ignores the fact that he was enrolled in a specific class for freight conductors and was not being considered for employment by CSX for any other position. Moreover, the course was provided at the Community College of Philadelphia by their instructors. We recognize that Charles Allen, one of the individuals who informed Cetera that he would not be able to pass the requirements of the freight conductor training course, was an employee of CSX. Yet there is nothing in this record to suggest that Allen had a role with respect to all of CSX's hiring decisions. Notably, Cetera has not pointed us to any such evidence. As a result, there is no inference that, by virtue of Allen's involvement in the training course, Allen was representing CSX with regard to all of its available positions which demand either moderate or heavy labor.

3

In sum, we have carefully reviewed the record and we agree with the Magistrate Judge that Cetera failed to establish that CSX regarded him as unable to perform any job other than that of freight conductor. Accordingly, Cetera did not establish that he was substantially limited in the major life activity of working. *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506 (3d Cir. 2001) (concluding plaintiff failed to show any limitation in life activity of working "beyond his inability to drive a bus"). Because Cetera has not demonstrated that he is disabled for purposes of the ADA, we find no error by the Magistrate Judge in granting CSX's motion for summary judgment. We will affirm the judgment in favor of CSX.[2]

---

[2]Because we have affirmed the judgment of the District Court, we need not address the arguments raised by CSX.